### HOSKINS v ORSINI

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10392.  Decided April 14, 1930

White, Hammond, Brewer & Curtiss, Cleveland, for Hoskins.

Turney & Sipe, Cleveland, for Orsini.

SULLIVAN, J.

We agree with the contentions of coun-

sel for plaintiff in error that even though the original contract was oral yet the memorandum in the escrow agreement is sufficient to constitute a memorandum in writing and we think his position is also correct that the failure to object at the trial of the case by reason of the statute of frauds, and to plead by way of answer the same statute, was a waiver to claim the benefit of the statute of frauds.

Counsel for plaintiff in error further argues full performance of all the matters and things with which the plaintiff in error under the contract was obligated, and asserts that the defendant in error is not relieved from payment of the commission even though some difficulties arose as to the title to the property sought to be exchanged, notwithstanding there was no connection between the difficulty and defendant in error against whom judgment is sought. This is good law also, because where a broker has fully performed, the other party to the contract is bound for the commission under the terms of the contract even though he withdraws for any reason from the same. This is based upon the broad theory that the employment was to do a certain thing and that it was done and payment ought to follow where the reason for non-payment finds its source in the party promising to pay.

When the negotiations lead to a valid and enforceable contract the broker has done his duty and the other party promising is bound to pay his obligation but in the case at bar it appears that defendant in error was not responsible for the failure of the consummation of the deal and when we come to examine the exhibit known as the escrow agreement, we come to the conclusion from that instrument that the agreement was for the consummation of the deal.

It appears that in the exchange of the properties when the escrow papers were made up for the proposed transfer, it was discovered that a Mrs. Silver who was the prospect of plaintiff in error, did not have the title to the property but that the same stood in the name of one Ina G. Scott, and it further appears that the alleged ownership of the property was through land contract and not by deed.

Another element in the case was an unsettled estate so that the title to the property ultimately became a matter of grave uncertainty and doubt, and this uncertainty necessitated the execution of a bond to the abstract company to guarantee the title.

Now all these circumstances did not find source in Orsini but in the prospect, for the exchange of the property with defendant in error, furnished by the plaintiff in error, and we think because of this fact the authorities cited by plaintiff in error's counsel do not apply because it was through no act of Orsini's that negotiations ceased and that the deal ended without a final consummation. This view does not destroy the principle of law laid down by plaintiff in error to sustain her contention but it is a fact appearing in the case which makes the authorities inapplicable because of the innocence of defendant in error as the author of any of the difficulties which impeded the completion of the deal.

If the questions just discussed were not in the case we would have been compelled to hold with plaintiff in error, on the question of the failure to raise the provisions of the statute of frauds either in proof or pleading, and for the further reason that while the original contract was oral there was a clause in the escrow agreement which constituted a memorandum in writing which was sufficient to take the case out of the statute of frauds.

Thus it is a question of fact instead of a question of law which decides the case and holding as we do the judgment of the common pleas court is hereby affirmed.

Vickery, PJ., and Levine, J., concur